**Nasima KHATUN, Petitioner,**

v.

**Mark R. FILIP,[1] United States Acting Attorney General, Respondent.**

No. 08–0493–ag.

United States Court of Appeals, Second Circuit.

Jan. 27, 2009.

Salim Sheikh, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director, Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present GUIDO CALABRESI, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Nasima Khatun, a native and citizen of Bangladesh, seeks review of the January 15, 2008 order of the BIA denying her appeal of Immigration Judge ("IJ") Jeffrey Chase's October 26, 2006 order denying her motion to reopen. *In re Nasima Khatun,* No. A73 534 826 (B.I.A. Jan. 15, 2008), *aff'g* No. A73 534 826 (Immig. Ct. N.Y. City Oct. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (per curiam).

An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). However, where ineffective assistance of counsel prevents an alien

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark R. Filip is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

from presenting her claim, the filing deadline for a motion to reopen may be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation." *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (internal quotation marks omitted). We recently clarified that an alien is required to demonstrate "due diligence" in pursuing her claims "during the entire period [the alien] seeks to toll," i.e., "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir.2008).

Here, it is undisputed that Khatun's October 2006 motion to reopen was untimely where she filed that motion ten years after the IJ issued a final order granting Khatun voluntary departure. Thus, this case turns on whether the BIA abused its discretion in concluding that Khatun failed to exercise due diligence by waiting more than ten years before filing her motion to reopen. *See Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007) (per curiam). However, as the government correctly points out, Khatun fails to argue in her brief to this Court either that she exercised the requisite due diligence or that the BIA abused its discretion in concluding otherwise. Indeed, Khatun's brief, which contains mostly boilerplate and very little analysis, fails to mention the words "due diligence" and fails to cite to, much less discuss, any case law holding that due diligence must be established in order to equitably toll the 90–day filing deadline for a motion to reopen. *See, e.g., Rashid,* 533 F.3d at 132. Thus, Khatun has waived any challenge to the agency's determination that she failed to exercise the due diligence necessary for equitable tolling of her motion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Further, because Khatun was required to demonstrate due diligence in order to warrant equitable tolling of the filing deadline for her motion, her waiver of this issue is fatal to her petition for review and we decline to consider her remaining arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).